DISCIPLINARY COUNSEL *v.* LARUE.

[Cite as *Disciplinary Counsel v. LaRue*, 122 Ohio St.3d 445, 2009-Ohio-3604.]

*Attorneys — Misconduct — Improper use of attorney trust account — License suspension stayed on conditions.*

(No. 2009-0389 — Submitted April 8, 2009 — Decided July 29, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-058.

_____

**Per Curiam**.

{¶ 1} Respondent, Lawrence B. LaRue of Toledo, Ohio, Attorney Registration No. 0038468, was admitted to the practice of law in Ohio in 1975. In August 2008, relator, Disciplinary Counsel, filed a complaint against respondent that alleged violations of professional conduct stemming from improprieties in maintaining his client trust account. The parties submitted the matter on agreed stipulations.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months, stayed on conditions. We agree that a six-month stayed suspension is appropriate.

**Misconduct**

{¶ 3} Respondent stipulated that in 2006 and 2007, he deposited personal funds into his client trust account. At the same time, he used the funds in his client trust account for various business and personal expenses. Respondent also failed to keep client ledgers during that period.

{¶ 4} Respondent also stipulated to the violations set forth in the complaint. For acts committed before February 1, 2007, respondent admits that he violated DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely

reflects on the lawyer's fitness to practice law), 9-102(A) (all funds of clients paid to a lawyer shall be deposited in one or more identifiable bank accounts, and no funds belonging to the lawyer shall be deposited therein), and 9-102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into possession of the lawyer and render appropriate accounts).

{¶ 5} For conduct occurring after February 1, 2007, respondent stipulated to the following violations: Prof.Cond.R. 1.15(a) (a lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property), 1.15(a)(2) (a lawyer shall maintain a record for each client on whose behalf funds are held), and 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 6} Relator and respondent additionally stipulated to three of the mitigating factors contained in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."): absence of a prior disciplinary record, absence of a selfish or dishonest motive, and respondent's full cooperation in the disciplinary proceeding. BCGD Proc.Reg. (10)(B)(2)(a), (b), and (d).

**Sanction**

{¶ 7} The parties stipulated to a recommended one-year suspension from the practice of law, all stayed upon the conditions that (1) respondent's use of his client trust account be monitored for a one-year probationary period by a relator-appointed attorney who is experienced in handling client funds, and (2) respondent commit no further misconduct during the probationary period.

{¶ 8} The panel adopted in full the stipulated findings of fact, conclusions of law, and recommended sanction. The board adopted the panel's

findings of fact and conclusions of law, but not the suggested sanction. The board instead recommended that respondent be suspended for a period of six months, all stayed upon the condition that for one year, he have a monitor appointed by the relator to oversee his trust account.

{¶ 9} Upon review, we adopt the board's findings of fact, conclusions of law, and recommended sanction. Respondent is hereby suspended from the practice of law in Ohio for six months, all stayed on the conditions that he allow a monitor appointed by relator to oversee his client trust account and that he commit no further misconduct. If respondent fails to comply with these conditions, the stay will be lifted, and respondent will serve the six-month suspension. Costs are taxed to the respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., dissents and would suspend the respondent from the practice of law in Ohio for one year.

_____

Jonathan E. Coughlan and Philip A. King, for relator.

Lawrence B. LaRue, pro se.

_____